**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COLLEEN DEMERS,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-1235-Orl-31KRS**

**ADAMS HOMES OF NORTHWEST**
**FLORIDA, INC.,**

                **Defendant.**
_____

# ORDER

This matter comes before the Court on Defendant's Motion for Judgment as a Matter of Law or, alternatively, Motion for a New Trial (Doc. 119) and Plaintiff's Response thereto (Doc. 138).

**I. Judgment as a Matter of Law**

*A) Count IV*

First, Defendant seeks judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50 as to Count IV, Plaintiff's Title VII claim for retaliation. Defendant argues that Plaintiff failed to establish that she engaged in any protected activity before she was terminated. "Under Title VII, there are two means by which a person may engage in statutorily-protected activity – opposition and participation." *Azoy v. Miami-Dade County*, 16 Fla. L. Weekly Fed. D 609, 2003 U.S. Dist. LEXIS 25048, *5-6 (S.D. Fla. June 10, 2003). Here, Plaintiff alleges that she engaged in statutorily protected activity under the opposition clause on January 9, 2006, when she

informed her supervisor, Ms. Porter, that she was going to complain to their superior, Mr. Malone, about the denial of her requested maternity leave.

To succeed on a claim under the opposition clause, a plaintiff must show that her employer retaliated against her because she opposed a practice made unlawful by 42 U.S.C. § 2000e. *See EEOC v. Total System Services, Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). Plaintiff must also show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Azoy*, 2003 U.S. Dist. LEXIS 25048, *9-10 (citing *Little v. United Technologies*, 103 F.3d 956, 960 (11th Cir. 1997)).

The evidence at trial supported the proposition that the Plaintiff did oppose an unlawful practice by Defendant – the denial of maternity leave that Plaintiff was entitled to under the Family Medical Leave Act ("FMLA"). Plaintiff's belief that Defendant's practice was unlawful was both subjectively and objectively reasonable. Therefore, Plaintiff presented sufficient evidence for a jury to find that she engaged in protected activity.

Defendant also argues that the decision to terminate Plaintiff was made prior to her engaging in the protected activity. However, there is ample evidence in the record that the decision to terminate Ms. Demers was not made until January 10, 2006 – the day after she complained about the denial of leave. Therefore, this argument has no merit.

Finally, Defendant argues that it had legitimate, un-rebutted reasons for terminating Plaintiff. This argument fails as well. Plaintiff presented ample evidence from which a jury could conclude that the reasons proffered by Defendant were pre-textual. Therefore, Defendant is not entitled to judgment as a matter of law on Count IV.

*B) Punitive Damages*

Defendant also seeks judgment as a matter of law with regard to punitive damages, arguing that Plaintiff did not present evidence of reckless indifference or malice. Under Title VII,

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. ADA*, 527 U.S. 526, 535 (1999).

In this case, the evidence is clear that Defendant believed that Plaintiff was an independent contractor, and that the FMLA did not apply to her. While this belief may have been legally wrong, it is not evidence of malice or reckless indifference. In fact, it appears that this was a good faith mistaken belief based on incorrect legal advice. Therefore, Defendant is entitled to judgment as a matter of law on the issue of punitive damages.

**II. New Trial**

Next, Defendant moves for a new trial on Count IV under Rule 50 because the jury's verdict is against the great weight of the evidence. Defendant believes that the jury's verdict was tainted by the presentation of "me too" evidence and by Defendant's inability to fully explain the "independent contractor issue." (Doc. 119 at 3). However, there is no basis to conclude that Defendant was prejudiced by either of these aspects of the trial. First, the presentation of "me too" evidence was appropriately limited by this Court and was consistent with Eleventh Circuit precedent. *See Goldsmith v. Bagby Elevator Company, Inc.*, 513 F.3d 1261, 1285-86 (11th Cir.

2008). Second, the jury was well aware during the substantive phase of the trial that Defendant believed Ms. Demers was an independent contractor.[1] The reasons for Defendant's mistaken belief were relevant only to the issue of punitive damages, not the substantive issues presented in the first phase of the trial. Defendant has failed to point to any relevant evidence that it was prevented from presenting which would warrant a new trial under Rule 59. Therefore, the motion for new trial is denied.

**III. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion for Judgment as a Matter of Law or, alternatively, Motion for a New Trial as to Count IV (Doc. 119) is **GRANTED** in part and **DENIED** in part. The jury verdict awarding punitive damages in the amount of $5,000.00 is hereby **VACATED**. Final judgment will be entered by this Court following the resolution of Plaintiff's post-trial motions.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 24, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Court instructed the jury on several occasions that Plaintiff was, as a matter of law, an employee of Defendant, not an independent contractor.