**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COLLEEN DEMERS,**

                 **Plaintiff,**

-vs-                                                **Case No. 6:06-cv-1235-Orl-31KRS**

**ADAMS HOMES OF NORTHWEST**
**FLORIDA, INC.,**

                 **Defendant.**

# ORDER

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 122) and Defendant's Response thereto (Doc. 144).[1]

**I. Attorneys' Fees**

In determining the reasonable amount of attorneys' fees to be awarded, federal courts use the "lodestar" approach, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Id* (internal citations omitted).

---

[1] Defendant does not dispute that Plaintiff is entitled to attorneys' fees and costs. Therefore, only the amount of this award will be discussed herein.

*A. Hourly Rates*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). With respect to rates, an applicant may meet his burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299. (11th Cir.1988). In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id*. at 1303.

Plaintiff indicates that seven attorneys and six paralegals worked on this case. Defendant does not object to the requested hourly rate of $330.00 for the work done by Mr. Munns. With regard to Mr. Perez, this Court finds that based on his experience and expertise, an hourly rate of $225.00 is appropriate for this market.

However, Plaintiff has failed to provide any evidence to support the hourly rates of the other attorneys and paralegals involved in this case. Based on defendant's submission of the hourly rates attributed by this Court to some of Plaintiff's attorneys in other cases, this Court finds that rates of $225.00 per hour for Mr. Bolanovich and $180.00 per hour for Ms. Cintron, as determined by Magistrate Judge Spaulding and adopted by Judge Conway in *Weil v. Vescovi*, are reasonable. *See Weil v. Vescovi*, 2007 WL 2827697, *4 (M.D. Fla. Sept. 27, 2007).

Plaintiff has also failed to provide any information regarding Mr. Baker, Ms. Brandt or Mr. Pasem, and this Court knows nothing about them, except that they were admitted to the Florida Bar in 1999, 1995 and 2006, respectively.  Therefore, this Court finds that rates of $150 per hour

for Mr. Baker and Ms. Brandt and $130 per hour for Mr. Pasem are reasonable. *See Corwin v. Walt Disney World Co.*, 2008 WL 754697, *24 (M.D. Fla. March 18, 2008) (finding that "rates of $200 for senior associates and $150 for mid-level associates, and $130 for associates with less than four years of experience to be reasonable.").

Finally, this Court finds, based on its knowledge of the local market, that the reasonable hourly rate for the paralegals that worked on this case is $75.00.

*B. Number of Hours*

With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under *Hensley*, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. A fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. Where a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable. *See, e.g., American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1314-15 (M.D. Fla. 2003).

### 1. Munns

Plaintiff's time records indicate that Mr. Munns spent 2.8 hours on this case. Defendant objects to two of Mr. Munns' time entries. First, Defendant objects to an entry on February 11, 2008 indicating that Mr. Munns spent 0.30 hours on a "telephone conference with attorney Cintron regarding status, deposition summaries." (Doc. 135-2 at 20). Second, Defendant objects to 0.50 hours spent by Mr. Munns on February 21, 2008 reviewing and working on case status and strategy and emailing Mr. Perez regarding same. (Doc. 135-2 at 21). However, these time entries are very similar to Mr. Munns' other time entries – to which Defendant did not object. This Court sees no reason why the hours Defendant objects to were any less reasonable than the remaining 2 hours spent by Mr. Munns on this case. Therefore, Plaintiff will be compensated for the 2.8 hours logged by Mr. Munns on this case.

### 2. Perez and Bolanovich

Plaintiff requests compensation for 176 hours spent on this case by Mr. Bolanovich and 497 hours spent by Mr. Perez. Defendant rightfully objects to the duplication of efforts involved in transitioning this case from one attorney to another. This Court finds that both of these totals should be reduced by 10% for the inefficiency necessarily attendant to the transition of this case between these two attorneys – resulting in 158.4 hours for Mr. Bolanovich and 447.3 hours for Mr. Perez.

Defendant further objects to Mr. Perez' request for compensation for travel time between his office in Melbourne, FL and Orlando. Defendant is correct that the fact that Plaintiff's law firm chose to staff this case with attorneys from its Melbourne office rather than its Orlando office does not make the attorneys' travel compensable. *See Ass'n for Disabled Ams., Inc. v. Integra Resort*

*Mgmt.*, 385 F. Supp. 2d 1272, 1301 (M.D. Fla. 2005) ("There is no justification for shifting the burden of travel expense for Plaintiffs' choice of counsel."). Melbourne is approximately 72 miles from Orlando, therefore the Court estimates that it took Mr. Perez an hour and a half each way and will reduce all entries that include travel time by three hours, resulting in a 15 hour reduction to 432.3 hours.

### 3. Cintron, Baker, Brandt and Pasem

This Court finds that the time entries by these attorneys are all reasonable, with the exception of travel time logged by Ms. Cintron on September 27, 2007 and by Mr. Baker on February 14, 2008 and March 13th through March 20th, 2008. Therefore, Plaintiff will be compensated for 156.7 hours logged by Ms. Cintron; 91.9 hours logged by Mr. Baker; 0.30 hours logged by Ms. Brandt and 3.6 hours logged by Mr. Pasem.

### 4. Paralegals

Plaintiff's records indicate that six paralegals worked 74.3 hours on this case. However, this time includes clerical work and travel time that are not compensable. Therefore, Plaintiff will only be compensated for 50 hours of paralegal work.

### 5. Interoffice Conferences

Defendant argues that any hours spent conducting "interoffice conferences" are not compensable. (Doc. 144 at 11). However, such hours are reasonable as long as they are not excessive, redundant or unnecessary. *See, e.g., Beishir v. Chase Home Finance, LLC*, 2008 U.S. Dist. LEXIS 15417, *3-4 (M.D. Fla. Feb. 27, 2008). Here, it appears that all hours allotted to inter-office conferences are reasonable and thus compensable.

### 6. Unsuccessful Claims

After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained. If the result was excellent, then the court should compensate for all hours reasonably expended. *Popham*, 820 F.2d at 1578. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. *Hensley*, 461 U.S. at 436-37, 103 S. Ct. at 1941. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. *Id*. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. *Id.* at 435, 440, 103 S. Ct. at 1943. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. *Popham*, 820 F.2d at 1578. It is improper to make the reduction based on a simple ratio of successful issues to issues raised. *Hensley*, 461 U.S. at 435 n. 11, 103 S. Ct. at 1940 n. 11; *Popham,* 820 F.2d at 1579. The vindication of a constitutional right is important even if only a small amount of money is involved. *Popham*, 820 F.2d at 1580. Further, vindication of class-wide rights are generally more significant than relief granted for an isolated violation of constitutional rights. *Id*.

*Norman,* 836 F.2d at 1302.

Here, Plaintiff's claims were all related, but her success was limited.[2] Plaintiff clearly over-litigated this case, and sought damages well beyond those supported by the evidence presented. Furthermore, while a constitutional right may have been vindicated, the relief obtained did not benefit anyone except Plaintiff herself. Therefore, this Court finds that Plaintiff's attorneys fee award should be reduced by twenty-five percent.

### 7. Billing Judgment

Finally, Defendant argues that the number of hours should be reduced by ten percent because Plaintiff's counsel did not exercise the appropriate billing judgment. However, this Court

---

[2]Plaintiff was only successful on one of her five claims, and was awarded less than 10% of the damages she sought.

sees no basis to conclude that Plaintiff's counsel failed to exercise proper billing judgment in this case.

### 8. Post-Verdict Hours

On May 29, 2008 Plaintiff filed a supplemental accounting of hours spent on this case since the trial ended (Doc. 157). However, all of Plaintiff's post-trial motions were found to be without merit and these hours are, therefore, not compensable.

*C. Final Calculation*

The following chart reflects the lodestar calculation as determined by this Court:

| Attorney | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Munns | 2.8 | $330 | $924.00 |
| Bolanovich | 158.4 | $225 | $35,640 |
| Perez | 432.3 | $225 | $97,267.5 |
| Cintron | 156.7 | $180 | $28,206 |
| Baker | 91.9 | $150 | $13,785 |
| Brandt | 0.30 | $150 | $45 |
| Pasem | 3.6 | $130 | $468 |
| Paralegals | 50 | $75 | $3,750 |
| **TOTAL** | | | $180,385.5 |

For the reasons stated above, this lodestar will be reduced by 25%, and Plaintiff will be awarded $135,289.00 in attorneys' fees.

## II. Costs

Plaintiff requests costs under 28 U.S.C. § 1920 ("§ 1920") in the amount of $18,331.54. (Doc. 135 at 3). Defendant argues that Plaintiff is only entitled to $4,373.33 in costs. (Doc. 144 at 20).

> Under § 1920 this Court may tax the following costs against the Defendant:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff has requested reimbursement for numerous costs that are not taxable, such as postage, research costs, long distance phone charges and travel expenses. Furthermore, Plaintiff's record of costs is extremely vague. For example, Plaintiff requests reimbursement for well over 1,000 photocopies without providing any detail from which the Court could determine whether such copies were reasonably necessary in this case. For these reasons, this Court holds that Plaintiff is only entitled to $4,373.33 in costs.

## III. Conclusion

For the reasons stated herein, it is

**ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 122) is **GRANTED** in part and **DENIED** in part. The Clerk is directed to enter judgment in favor Plaintiff and against Defendant in the amount of $135,289 in attorneys' fees and costs in the amount of $4,373.33, for a total of $139,662.33.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 11, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE